F I L E D
Clerk
District Court

OCT 1 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiff Romeo Nacar

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROMEO P. NACAR,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOSE C. AYUYU, MARCIA AYUYU, M&N COMPANY, J.C.A. INC., a CNMI corporation, RJ CORPORATION, a CNMI corporation and MCDONALD'S RESTAURANTS OF SAIPAN, INC., a CNMI corporation,<br><br>  Defendants. | CASE NO. CV 05-00005<br><br>SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND SUPPLEMENTAL STATE LAW CLAIMS |

COMES NOW, ROMEO P. NACAR with the following Second Amended Verified Complaint against JOSE C. AYUYU, MARCIA AYUYU, M&N COMPANY, J.C.A. INC., a CNMI corporation, RJ CORPORATION, a CNMI corporation and MCDONALD'S RESTAURANTS OF SAIPAN, INC., a CNMI corporation:

JURISDICTION

1. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, §502(a)(2).

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress

1  regulating commerce).

2  3. This Court also has jurisdiction under the FLSA, 29 U.S.C. § 216(b) to adjudicate
3  Plaintiff's claims.

4  4. This Court has jurisdiction over Plaintiff's non-FLSA claims pursuant to 28 U.S.C. §
5  1367(a) (supplemental jurisdiction).

6  5. Venue is properly placed in this Court as at all relevant time Plaintiff was an employee of
7  Defendants doing business in Saipan, Commonwealth of the Northern Mariana Islands.

## PARTIES

9  6. Plaintiff Romeo P. Nacar ("Mr. NACAR") is a citizen of the Republic of the Philippines
10 currently residing in Saipan, Commonwealth of the Northern Mariana Islands.

11 7. Upon information and belief, Defendant Jose C. Ayuyu ("Mr. AYUYU") is an individual,
12 a citizen of the United States of America and a resident of Saipan, CNMI.

13 8. Upon information and belief, Defendant Marcia Ayuyu ("Mrs. AYUYU") is an individual,
14 a citizen of the Federated States of Micronesia and a resident of Saipan, CNMI.

15 9. Upon information and belief, Defendant M&N Company is an unincorporated company
16 operating in Saipan, CNMI and is wholly owned by Defendants Mr. and Mrs. AYUYU.

17 10. Upon information and belief, Defendant RJ Corporation, is a CNMI corporation with its
18 principal place of business in Saipan, CNMI.

19 11. Upon information and belief, Defendant J.C.A. Inc., doing business as McDonald's of
20 Saipan, is a CNMI corporation with its principal place of business in Saipan, CNMI.

21 12. Upon information and belief, Defendant McDonald's Restaurants of Saipan, Inc. is a
22 CNMI corporation with its principal place of business in Saipan, CNMI.

23 13. At all times relevant hereto, Defendants J.C.A. Inc. and RJ Corporation were the alter
24 egos of Defendants Mr. and Mrs. AYUYU.

25 14. At all times relevant hereto, all Defendants herein, all acting under the control of Mr. and

Mrs. Ayuyu, acted jointly and indiscriminately with respect to and as the employer of Mr. NACAR, disregarding corporate formalities, borrowed servant relationships and joint tax obligations, among other legal obligations, and all defendants co-mingled funds to pay what salary Mr. NACAR received while employed by Defendants, notwithstanding the separate legal relationships which each entity maintained in relation to the other.

15. Unless otherwise noted, all references to Defendants herein are references to all above-named Defendants, jointly and severally, regardless of their legal or trade names ("DEFENDANTS").

16. At all times relevant hereto, DEFENDANTS, and each of them, were acting as agents for each other.

17. At all times relevant hereto, DEFENDANTS and all of them were joint employers of Mr. NACAR as that term is used in and has been interpreted under the FLSA and the Commonwealth Minimum Wage and Hour Act, 4 C.M.C. §§ 9211 et seq. (2000) ("MWHA").

## FACTS

18. Mr. NACAR began his employment with DEFENDANTS in or about January 10, 2001.

19. Upon information and belief, pursuant to an Employment Contract between Mr. NACAR and DEFENDANTS, Mr. NACAR's job category was stated as that of a "farm worker."

20. Upon information and belief, the compensation stated in Mr. NACAR's Employment Contract was based on that of an employee allegedly exempt from the minimum wage and overtime provisions of the FLSA and the MWHA.

21. Upon information and belief, in his contract, it was stated that Mr. NACAR would work 6:00 a.m. to 6:00 p.m. from Monday through Saturday and would receive $300.00 per month as compensation thereunder.

22. Upon information and belief, each January thereafter, through January 2004, Mr. NACAR's contract was renewed by DEFENDANTS for an additional one-year term.

23. Upon information and belief, each renewal of Mr. NACAR's Employment Contract was

for the same job category "farm worker," with the same stated work hours, and for the same stated monthly compensation.

24. The series of one-year employment contracts and employment contract renewals identified above, by and between Mr. NACAR and DEFENDANTS, collectively comprise the "Employment Contract" as the term relates to Plaintiff's Complaint and as the term is used herein.

25. During the entire term of his employment with DEFENDANTS, Mr. NACAR was never provided with a copy of his Employment Contract, or any of it.

26. Upon information and belief, at all times relevant hereto, DEFENDANTS, nor any of them, owned, controlled or operated a farm in Saipan, CNMI.

27. Beginning at 6:30 a.m., seven days a week almost every week during the full term of his employment with DEFENDANTS, Mr. NACAR was required by DEFENDANTS to work full time as a general maintenance worker for DEFENDANTS at various rental properties in Saipan, CNMI.

28. Beginning at 5:00 p.m., five days a week every week during the full term of his employment with DEFENDANTS, Mr. NACAR was also required by DEFENDANTS to work full time as a regular shift employee of DEFENDANTS' McDonald's fast food restaurant establishment in Saipan, CNMI.

29. Beginning in February 2001, and continuing daily from 11:30 p.m. to 5:30 a.m the following day, for most of the remaining term of Mr. NACAR's employment with DEFENDANTS, Mr. NACAR was also required by DEFENDANTS to work full time as a security guard for DEFENDANTS' McDonald's fast food restaurant establishment in Saipan, CNMI .

30. With the exception of a one-month vacation Mr. NACAR took in 2003, Mr. NACAR performed up to 138 hours of work per week for DEFENDANTS, every week he was employed by DEFENDANTS.

31. Mr. NACAR's employment under the Employment Contract was terminated by DEFENDANTS, without notice, on about December 31, 2004.

32. At all times relevant to this action, Mr. NACAR was an employee of DEFENDANTS, and each of them jointly, within the meaning of § 203(e)(1) of the FLSA and § 9212(e) of the MWHA.

33. At all times relevant to this action, DEFENDANTS, and each of them jointly, were employers of Mr. NACAR within the meaning of § 203(d) of the FLSA and § 9212(f) of the MWHA.

34. At all times relevant to this action, Mr. NACAR was employed, jointly, by DEFENDANTS within the meaning of § 203(g) of the FLSA and § 9212(d) of the MWHA.

35. At all times relevant to this action, Mr. NACAR was employed, jointly, by DEFENDANTS in Saipan, Commonwealth of the Northern Mariana Islands.

36. At all times relevant to this action, DEFENDANTS were an enterprise within the meaning of § 203(r)(1) of the FLSA.

37. At all times relevant to this action, DEFENDANTS were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA.

38. At all times relevant to this action, Mr. NACAR, as an employee of DEFENDANTS, was engaged in commerce within the meaning of § 207(a)(1) of the FLSA.

39. Plaintiff NACAR worked more than forty (40) hours per week for DEFENDANTS during one or more weeks that Plaintiff NACAR was employed by DEFENDANTS.

40. At all times while employed by DEFENDANTS, Plaintiff NACAR was employed, and actually performing work, in job category or categories that are not exempt from the provisions of the FLSA and/or the MWHA.

41. At no time during his employment by Defendants was Mr. NACAR a "person employed in agriculture" as that term is used in § 213(a)(6) of the FLSA and/or § 9223 of the MWHA.

42. DEFENDANTS failed to pay Plaintiff the applicable minimum wage for all hours worked for DEFENDANTS in violation of § 9221(a)(2) of the MWHA.

43. DEFENDANTS failed to pay Plaintiff NACAR all overtime premiums required by §

207(a) of the FLSA and by § 9222 of the MWHA.

44. DEFENDANTS failed to maintain full and accurate records of the hours actually worked by Plaintiff NACAR as required by § 215(a)(5) of the FLSA and § 9232(a) of the MWHA.

45. Throughout his employment with DEFENDANTS, Plaintiff NACAR was provided housing by DEFENDANTS free of charge.

46. Upon information and belief, pursuant to the Employment Contract, DEFENDANTS were to provide Mr. NACAR with transportation to and from his job site(s).

47. At all times relevant hereto, DEFENDANTS failed and refused to provide Mr. NACAR with such transportation.

48. Throughout his employment with DEFENDANTS, Plaintiff personally incurred expenses in the approximate amount of $100.00 per month for transportation to and from DEFENDANTS' various job sites.

49. Upon information and belief, pursuant to the Employment Contract, DEFENDANTS were to provide Mr. NACAR with a certain number of meals per day at DEFENDANTS' expense.

50. At all times relevant hereto, DEFENDANTS substantially failed and refused to provide Mr. NACAR with the daily meals to which Mr. NACAR was contractually entitled causing Mr. NACAR to incur such expenses personally.

51. All of the actions and omissions alleged above were undertaken by DEFENDANTS, jointly, either directly or through its agent or agents.

52. All of the actions and omissions alleged above were willful within the meaning of § 9243 of the MWHA, and with regard to the applicability of the statute of limitations on FLSA claims and claims pursuant to the Commonwealth Nonresident Workers Act, 3 C.M.C. §§ 4411 *et seq.* (2000).

### FIRST CAUSE OF ACTION
(FLSA Violation - Unpaid Overtime Compensation)

53. Plaintiff incorporates paragraphs 1 through 52 above as if fully set forth herein.

54. DEFENDANTS have violated the provisions of § 207(a) of the FLSA by failing to pay

Plaintiff NACAR overtime compensation in the amount of one and one-half times his regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

55. Plaintiff NACAR is entitled to payment of unpaid overtime compensation from DEFENDANTS, jointly and severally, calculated based on regular pay rates of $3.05 and $3.25 per hour as adjusted by the regular rate provisions of § 207(e) of the FLSA, and an additional equal amount as liquidated damages.

56. Plaintiff NACAR is also entitled to costs of the action and reasonable attorney's fees pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION
(MWHA Violation - Unpaid Overtime Compensation)

57. Plaintiff incorporates paragraphs 1 through 56 above as if fully set forth herein.

58. DEFENDANTS have violated the provisions of § 9222 of the MWHA by failing to pay Plaintiff NACAR overtime compensation in the amount of one and one-half times his regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

59. Plaintiff NACAR is entitled to payment of unpaid overtime compensation from DEFENDANTS, jointly and severally, calculated based on regular pay rates of $3.05 and $3.25 per hour as adjusted by the regular rate provisions of § 207(e) of the FLSA, and an additional equal amount as liquidated damages for DEFENDANTS' willful violation.

60. Plaintiff NACAR is also entitled to costs of the action and reasonable attorney's fees pursuant to § 9244(b) of the MWHA.

## THIRD CAUSE OF ACTION
(MWHA Violation - Unpaid Minimum Wage)

61. Plaintiff incorporates paragraphs 1 through 60 above as if fully set forth herein.

62. Defendant has violated the provisions of § 9221(a)(2) of the MWHA by failing to pay Plaintiff NACAR a minimum wage of at least $3.05 per hour for all of the hours worked by Plaintiff each work week.

63. Plaintiff NACAR is entitled to payment of unpaid minimum wages from Defendant, and an additional equal amount as liquidated damages for Defendant's willful violation.

64. Plaintiff NACAR is also entitled to costs of the action and reasonable attorney's fees pursuant to § 216(b) of the FLSA.

### FOURTH CAUSE OF ACTION
(Breach of Contract)

65. Plaintiff incorporates paragraphs 1 through 64 above as if fully set forth herein.

66. At all times relevant to this action, Plaintiff NACAR had a valid and binding Employment Contract with DEFENDANTS.

67. One of the terms of Plaintiff's Employment Contract with DEFENDANTS was that DEFENDANTS provide Plaintiff transportation, at DEFENDANTS' expense, to and from his job sites.

68. Another of the terms of Plaintiff's Employment Contract with DEFENDANTS was that DEFENDANTS provide Plaintiff with a certain number of meals a day at DEFENDANTS' expense.

69. At all times relevant hereto, DEFENDANTS failed to provide Mr. NACAR the transportation and meals required under the Employment Contract causing Mr. NACAR to incur expenses for the same through the term of Mr. NACAR's employment with DEFENDANTS.

70. DEFENDANTS' failure and refusal to provide Plaintiff NACAR with the transportation and meals to which he was entitled under the Employment Contract was a breach of the Employment Contract.

71. Plaintiff NACAR is entitled to damages for such breach, an equal amount as liquidated damages, and costs and reasonable attorney's fees.

//
//

PRAYER FOR RELIEF:

Accordingly, Plaintiff NACAR prays for the following relief:

A. That DEFENDANTS, jointly and severally, pay Plaintiff compensation at the applicable minimum wage rate for all hours worked by Plaintiff for DEFENDANTS;

B. That DEFENDANTS, jointly and severally, pay Plaintiff his overtime compensation for all hours worked by Plaintiff for DEFENDANTS in excess of forty (40) hours in each work week;

C. That DEFENDANTS, jointly and severally, pay Plaintiff contract damages for DEFENDANTS' breach of the Employment Contract;

D. That DEFENDANTS, jointly and severally, pay Plaintiff an equal amount as liquidated damages;

E. That DEFENDANTS, jointly and severally, pay Plaintiff reasonable attorney's fees and costs of this action.

Submitted this 12th day of October, 2005.

_____
MARK B. HANSON
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950

Attorney for Plaintiff ROMEO P. NACAR

## VERIFICATION OF AMENDED COMPLAINT

I, ROMEO P. NACAR, hereby certify that the forgoing complaint has been translated to me from English into one of my native languages, Tagalog, and that I have read and understood the allegations and claims made herein and that I consent to be a party plaintiff herein. I further certify that the factual statements made herein are true and correct to the best of my knowledge and belief and that I verified the accuracy of the above Complaint this 12th day of October, 2005.

_____
ROMEO P. NACAR
Plaintiff