F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Defendants.

OCT 2 4 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROMEO P. NACAR,<br><br>          Plaintiff,<br><br>     vs.<br><br>JOSE C. AYUYU, MARCIA AYUYU,<br>M & N COMPANY doing business as<br>RURIS APARTMENTS and SUSUPE<br>GARDEN APARTMENTS, and<br>MCDONALD'S RESTAURANTS OF<br>SAIPAN, INC., a CNMI corporation,<br><br>          Defendants. | Case No. CV-05-0005<br><br>**ANSWER TO SECOND AMENDED<br>COMPLAINT;<br>AFFIRMATIVE DEFENSES; and<br>DEMAND FOR JURY TRIAL** |

## ANSWER

Defendants Jose C. Ayuyu, Marcia Ayuyu, M&N Company, J.C.A., Inc., and RJ Corporation (collectively referred to herein as "Defendants"), by and through their attorney, F. Matthew Smith, hereby answer the Second Amended Verified Complaint for Violations of the Fair Labor Standards Act and Supplemental State Law Claims (filed October 12, 2005) by Plaintiff Romeo Nacar as follows:

### Jurisdiction

1.     Defendants admit the allegations contained in paragraphs 3 and 4.

*Answer to Second Amended Complaint - Page 1 of 8*

**ORIGINAL**

2. With respect to the allegations contained in paragraph 1, Defendants admit that the Covenant made the FLSA applicable to the CNMI, but deny any and all other averments therein.

3. With respect to the allegations contained in paragraph 2, Defendants admit that this Court has federal question jurisdiction over FLSA claims, but deny any and all other averments therein.

4. With respect to the allegations contained in paragraph 5, Defendants admit that venue is proper and that Plaintiff was an employee of Defendant Joe C. Ayuyu, but deny any and all other averments therein.

### Parties

5. Defendants admit the allegations contained in paragraphs 6, 7, 8, 10 and 11.

6. Defendants deny the allegations contained in paragraphs 13, 14, 16 and 17.

7. With respect to the allegations contained in paragraph 9, Defendants admit M&N Company is operating in the CNMI, but deny that it is wholly owned by Defendants Mr. and Mrs. Ayuyu.

8. With respect to the allegations contained in paragraph 12, Defendants are without sufficient information to admit or deny; and, therefore, deny the same.

9. With respect to paragraph 15, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

### Facts

10. Defendants admit the allegations contained in paragraphs 20, 21 and 23.

11. Defendants deny the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31,

34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 50, 51 and 52.

12. With respect to the allegations contained in paragraph 18, Defendants admit the Plaintiff began his employment with Joe C. Ayuyu on or about January 10, 2001, but deny any and all other allegations therein.

13. With respect to the allegations contained in paragraph 19, Defendants admit Plaintiff's job category was stated as "farm worker", but deny any and all other allegations therein.

14. With respect to the allegations contained in paragraph 22, Defendants admit Plaintiff's contract was renewed by Defendant Joe C. Ayuyu, but deny any and all other allegations therein.

15. With respect to paragraph 24, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

16. With respect to the allegations contained in paragraph 32, Defendants admit Plaintiff was an employee of Defendant Joe C. Ayuyu, but deny any and all other allegations therein.

17. With respect to the allegations contained in paragraph 33, Defendants admit Defendant Joe C. Ayuyu was an employer of Plaintiff, but deny any and all other allegations therein.

18. With respect to the allegations contained in paragraph 35, Defendants admit Plaintiff was employed by Defendant Joe C. Ayuyu in Saipan, CNMI, but deny any and all other allegations therein.

19. With respect to the allegations contained in paragraph 45, Defendants admit Plaintiff was provided housing free of charge by Defendant Joe C. Ayuyu pursuant to contract, but deny any and all other allegations therein.

20. With respect to the allegations contained in paragraph 46, Defendants admit Plaintiff

was provided transportation by Defendant Joe C. Ayuyu pursuant to contract, but deny any and all other allegations therein.

21. With respect to the allegations contained in paragraph 49, Defendants admit Plaintiff was provided daily meals by Defendant Joe C. Ayuyu pursuant to contract, but deny any and all other allegations therein.

**First Cause of Action**

22. Defendants deny the allegations contained in paragraphs 54, 55 and 56.

23. With respect to paragraph 53, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

**Second Cause of Action**

24. Defendants deny the allegations contained in paragraphs 58, 59 and 60.

25. With respect to paragraph 57, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

**Third Cause of Action**

26. Defendants deny the allegations contained in paragraphs 62, 63 and 64.

27. With respect to paragraph 61, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

**Fourth Cause of Action**

28. Defendants deny the allegations contained in paragraphs 69, 70 and 71.

29. With respect to paragraph 65, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Defendants deny the same.

30. With respect to the allegations contained in paragraph 66, Defendants admit Plaintiff had a contract with Defendant Joe C. Ayuyu, but deny any and all other allegations therein.

31. With respect to the allegations contained in paragraph 67, Defendants admit Plaintiff was provided transportation by Defendant Joe C. Ayuyu pursuant to contract, but deny any and all other allegations therein.

32. With respect to the allegations contained in paragraph 68, Defendants admit Plaintiff was provided daily meals by Defendant Joe C. Ayuyu pursuant to contract, but deny any and all other allegations therein.

## AFFIRMATIVE DEFENSES

As for their affirmative defenses, the Defendants allege as follows:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. At all times, Defendants acted in good faith and with fair dealing.

3. Defendants actions were not reckless.

4. Plaintiff's complaint is barred by the equitable doctrine of laches.

5. Plaintiff's complaint is barred by unclean hands, bad faith and a calculated plan or conspiracy to try and concoct or create a claim against Defendants.

6. Plaintiff is estopped from claiming the he was not fully or properly paid. As is the

case with accord and satisfaction, all of Plaintiff's claims for payment have been discharged and settled. Plaintiff has waived his claims and Defendants have been released from any and all of them.

7. Plaintiffs claims are barred by the statute of limitations set forth in 4 CMC § 9246(a) (action must be commenced within six months after the cause of action accrued or one year if violation is willful).

8. Plaintiff's claims are barred by the statute of limitations set forth in 29 U.S.C. § 255 (action must be commenced within two years after the cause of action accrued or three years if violation is willful).

9. Each of Plaintiff's alleged causes of action or claims for relief are barred by the provisions of other applicable statutes of limitations or statutes of repose.

10. Plaintiff's claims are barred by lack of privity.

11. In accordance with 4 CMC § 9223, the alleged provisions of the Commonwealth Minimum Wage and Hour Act do not apply to Plaintiff (a person employed in agriculture).

12. In accordance with 29 U.S.C. § 213, the alleged provisions of the FLSA do not apply to Plaintiff (an employee employed in agriculture).

13. All of Plaintiff's supplemental allegations of violations of Commonwealth law present novel and complex issues of local [*i.e.*, state] law.

14. Plaintiff failed to mitigate his damages or other harms complained of in the complaint.

15. Statute of Limitations.

16. Duress and coercion.

17. Plaintiff was fed meals and provided transportation in accordance with his contract.

18.　Plaintiff was not engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in or subject to the FLSA.

19.　Defendants are not agents for each other nor are they, or any of them, joint-employers or an enterprise engaged in commerce or in the production of goods for commerce as defined in or subject to the FLSA.

20.　Although this matter may now be moot with the filing of a second amended complaint by Plaintiff and the entry of separate counsel for Defendant McDonald's Restaurants of Saipan, Inc., Defendants include the following affirmative defense in the event clarification may still be warranted: when Defendants filed their answer to the original complaint, they understood, and later learned that Plaintiff also understood, that when Plaintiff listed McDonald's Restaurants of Saipan, Inc. as a Defendant in the original complaint Plaintiff meant the CNMI corporation they believed owned and operated the McDonald's restaurants located in the CNMI (*i.e.*, J.C.A., Inc. dba McDonald's of Saipan). Accordingly, Defendants answered the original complaint with that understanding and noted as an affirmative defense (*i.e.*, No 11) Plaintiff's failure to properly state the name of that legal entity.[1] The result of this is that McDonald's Restaurants of Saipan, Inc. (which turns out to also be a registered CNMI corporation) was never property served with and did not have notice of the original complaint.

---

[1]　Affirmative Defense No. 11 to the original complaint read as follows: "Plaintiff failed to properly state the names of the alleged Defendants as well as to properly state their legal organizations and relationships; one result being the failure of Plaintiff to state claims against Defendants and the possible absence of entities or persons Plaintiff may have intended to include as parties."

Respectfully submitted this  10-24-05 .

*F. MATTHEW SMITH*
Attorney for Defendants

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Defendants hereby demand a trial by jury of any and all the issues so triable.

*F. MATTHEW SMITH*
Attorney for Defendants